NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ROSITA MAULINA PANGARIBUAN; et al., <br><br> Petitioners, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 08-72256 <br><br> Agency Nos. A099-783-954 <br> A099-783-955 <br> A099-783-956 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 24, 2011[**]

Before:     PREGERSON, THOMAS, and PAEZ, Circuit Judges.

Rosita Maulina Pangaribuan and her family, natives and citizens of

Indonesia, petition for review of the Board of Immigration Appeals' order

dismissing their appeal from an immigration judge's decision denying their

application for asylum, withholding of removal, and relief under the Convention

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

Against Torture ("CAT").  We have jurisdiction under 8 U.S.C. § 1252.  We review for substantial evidence, *Nagoulko v. INS*, 333 F.3d 1012, 1015 (9th Cir. 2003), and we deny in part and grant in part the petition for review, and we remand.

Substantial evidence supports the agency's denial of CAT relief because Pangaribuan failed to establish it is more likely than not she would be tortured by or with the acquiescence of the government if returned to Indonesia.  *See Wakkary v. Holder*, 558 F.3d 1049, 1067-68 (9th Cir. 2009).

Substantial evidence supports the agency's finding that Pangaribuan failed to establish that the bombing of her church was committed by persons the Indonesian government was unable or unwilling to control.  *See Nahrvani v. Gonzales*, 399 F.3d 1148, 1154 (9th Cir. 2005).  Substantial evidence also supports the agency's finding that the incidents of harassment Pangaribuan experienced did not rise to the level of persecution.  *See Nagoulko*, 333 F.3d at 1016-18.  In addition, the record does not compel the conclusion that Pangaribuan established a pattern or practice of persecution of Christians in Indonesia.  *See Wakkary*, 558 F.3d at 1060-62.  However, in denying Pangaribuan's asylum and withholding of removal claims, the agency did not apply the disfavored group analysis.  Because the agency did not have the benefit of our intervening decision in *Tampubolon v.*

*Holder*, 610 F.3d 1056, 1062 (9th Cir. 2010) ("[A]ny reasonable factfinder would be compelled to conclude on this record that Christian Indonesians are a disfavored group."), we grant the petition with respect to Pangaribuan's asylum and withholding of removal claims, and remand for the agency to apply the disfavored group analysis to Pangaribuan's claims in the first instance. *See INS v. Ventura*, 537 U.S. 12, 16-18 (2002) (per curiam).

The parties shall each bear their own costs on this petition for review.

**PETITION FOR REVIEW DENIED in part; GRANTED in part; REMANDED.**

08-72256